**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 11-00062-19 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| TODD STUMPF | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is Petitioner Todd Stumpf's ("Stumpf") Motion for Compassionate Release. See Record Document 789. The Government has opposed Stumpf's motion. See Record Document 791. Stumpf filed a reply. See Record Document 796.[1] For the reasons set forth below, Stumpf's Motion for Compassionate Release is hereby **DENIED**.

## BACKGROUND

On June 15, 2015, Stumpf was charged in a three count Superseding Indictment with engaging in a child exploitation enterprise, in violation of 18 U.S.C. § 2252A(g); conspiracy to advertise the distribution of child pornography, in violation of 18 U.S.C. § 2251(d)(1) & (e); and conspiracy to distribute child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A) & (b)(1). See Record Document 152. He was arrested on July 14, 2011. On March 2, 2021, Stumpf entered a plea of guilty to participating in a child exploitation enterprise in violation of Section 2252A(g). See Record Documents 446 & 447. By pleading guilty to this crime, he was subject to a mandatory minimum sentence of 20 years and up to life imprisonment. See Record Document 447. On June 11, 2021,

---

[1] Stumpf's daughter also wrote a letter to the Court in support of her father's request for compassionate release. See Record Document 797.

Stumpf was sentenced to 240 months in prison.  See Record Documents 665, 666, & 667.

Stumpf is currently incarcerated at FCI Allenwood in Pennsylvania.  His projected release date is July 28, 2027.

**LAW AND ANALYSIS**

Stumpf is 70 years old.  He alleges he is particularly susceptible to the COVID-19 virus because of his age, chronic bronchitis, asthma, cardiovascular disease, weight, long history of smoking, and other medical conditions.  See Record Document 789 at 2; Record Document 790 at 1.  He also argues that the BOP has failed to adequately respond to the COVID-19 crisis.  See id. at 10.  Stumpf believes his health conditions and the BOP's inadequate response satisfy the extraordinary and compelling reason standard.

A judgment of conviction, including a sentence of imprisonment, "constitutes a final judgment and may not be modified by a district court except in limited circumstances." Dillon v. United States, 560 U.S. 817, 824, 130 S.Ct. 2683, 2690 (2010).  Title 18, United States Code, Section 3582(c) provides that the Court "may not modify a term of imprisonment once it has been imposed," except in three circumstances:

(1) upon a motion by the Bureau of Prisons or the defendant for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A);
(2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); or
(3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2).

In this case, Stumpf moves to modify his sentence under 18 U.S.C. § 3582(c)(1)(A). Under this section, the Court may reduce a sentence "if it finds that extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent

with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

Prior to 2018, only the Director of the BOP could file Section 3582(c)(1)(A) motions, also known as compassionate release motions. In 2018, Congress passed, and President Trump signed the First Step Act, which among other actions, amended the compassionate release process. Under the First Step Act, Section 3852(c)(1)(A) now allows prisoners to directly petition courts for compassionate release. However, before filing compassionate release motions, prisoners must exhaust their administrative remedies in one of two ways:

(1) prisoners may file a motion with the court after fully exhausting all administrative rights to appeal the BOP's decision not to file a motion for compassionate release, or
(2) prisoners may file a motion with the court after requesting release and there has been "the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier."

18 U.S.C. § 3582(c)(1)(A). Stumpf has exhausted her administrative remedies and the Court will proceed to the merits of his motion.

Subject to considerations of 18 U.S.C. § 3553(a), Section 3582(c)(1)(A) permits a reduction in Stumpf's term of imprisonment if the Court determines that extraordinary and compelling reasons warrant a reduction. The reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Previously, a district court was confined to the policy statements set forth in U.S.S.G. § 1B1.13 to determine whether a compelling reason existed to grant release. However, the Court of Appeals for the Fifth Circuit recently vacated this restricted examination finding that the policy statements contained under U.S.S.G. § 1B1.13 are

only binding on the Court when the motion for compassionate release is brought on the prisoner's behalf by the BOP. See U.S. v. Shkambi, No. 20-40543, 2021 WL 1291609, at *3 (5th Cir. 04/07/2021). The Fifth Circuit instructed that a district court considering a motion for compassionate release brought by the prisoner himself "is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)." Id. at *4. Shkambi did not, however, render § 1B1.13 irrelevant with respect to defendant-filed motions under Section 3582(c)(1)(A), as the Fifth Circuit has long recognized that although not dispositive, the commentary to § 1B1.13 informs the district court's analysis as to what reasons may be sufficiently extraordinary and compelling to necessitate compassionate release. See U.S. v. Robinson, No. 3:18-CR-00228-01, 2021 WL 1723542 (W.D. La. 04/30/2021), citing U.S. v. Thompson, 984 F.3d 431, 433 (5th Cir. 2021). While not binding, § 1B1.13 suggests that the following are deemed extraordinary and compelling reasons warranting a sentence reduction: (1) the defendant's medical conditions; (2) the defendant's age; (3) family circumstances; or (4) other reasons. See U.S.S.G. § 1B1.13, cmt. n.1; see also Thompson, 984 F.3d at 433.

"In general, the defendant has the burden to show circumstances meeting the test for compassionate release." U.S. v. Stowe, No. H-11-803(1), 2019 WL 4673725 at *2 (S.D. Tex. Sept. 25, 2019); see also U.S. v. Ennis, No. EP-02-CR-1430-PRM-1, 2020 WL 2513109, at *4 (W.D. Tex. May 14, 2020) ("[T]he defendant has the burden to show circumstances meeting the test for compassionate release."); U.S. v. Wright, No. 16-214-04, 2020 WL 1976828, at *6 (W.D. La. Apr. 24, 2020) (Petitioner has the "burden of showing the necessary circumstances, or a combination of circumstances, that would warrant relief under the compassionate release statute."). In certain instances, the

COVID-19 outbreak may affect whether an inmate can show extraordinary and compelling reasons warranting compassionate release under Section 3582(c)(1)(A)(i). If an inmate has a chronic medical condition that has been identified by the Centers for Disease Control ("CDC") as elevating the inmate's risk of becoming seriously ill from COVID-19, that condition, in light of the pandemic, may rise to the level of "extraordinary and compelling reasons" under Section 3582(c)(1)(a). In other words, some conditions that would not have constituted an "extraordinary and compelling reason" now fall into this category because of the risk of COVID-19.

Stumpf cites medical reasons as a basis for her release. Yet, he has provided very little medical documentation as to these conditions nor the severity of such conditions. See Record Document 789, Exhibit B. His motion may be denied on this basis alone, as he cannot meet his burden of establishing an entitlement to compassionate release. See U.S. v. v. Aguila, No. 2:16-CR-00046-TLN, 2020 WL 1812159, at *2 (E.D. Cal. Apr. 9, 2020); U.S. v. Lotts, No. CR 08-1631 JAP, 2020 WL 835298, at *3 (D.N.M. Feb. 20, 2020).

Notwithstanding, even if this Court were to assume that Stumpf had extraordinary and compelling reasons for compassionate release based upon his age, medical conditions, and/or the alleged inadequate response from the BOP to the COVID-19 pandemic, granting compassionate release in this case would not comport with the factors enumerated in Section 3553(a). See 18 U.S.C. § 3582(c)(1)(A). The nature and circumstances of Stumpf's offense and his history and characteristics disfavor release. Stumpf became a member of the Dreamboard child exploitation bulletin board in January 2008. See Presentence Investigation Report at ¶ 17. He made 1,042 posts to the board. See id. Because of his postings, he rose from a member to VIP status. See id. While

Stumpf argues to the contrary, the crime for which he was convicted is a crime of violence, as defined by 18 U.S.C. § 3156(a)(4).[2] While it is true that Stumpf' had no criminal history, his actions in the instant offense perpetuated the sexual abuse of children as Dreamboard placed a high premium on the posting of homemade child pornography. The seriousness of his offense is evidenced by the mandatory minimum sentence of 20 years. Stumpf has served approximately half of that sentence. Thus, it is this Court's belief that a reduced sentence in this case simply would not reflect the seriousness of the offense, would not promote respect for the law, would not afford adequate deterrence to criminal conduct, and would not protect the public from further crimes of this defendant. A reduced sentence would also cause disparity from sentences other defendants have received for similar criminal conduct.

## CONCLUSION

Based on the foregoing reasons, Stumpf's Motion for Compassionate Release (Record Document 789) be and is hereby **DENIED**.

An order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 24th day of June, 2021.

S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[2] Section 3156(a)(4)(C) states that the term "crime of violence" means, among other definitions, "any felony under chapter 110." 18 U.S.C. § 3156. Chapter 110 addresses the sexual exploitation and other abuse of children and includes Section 2252A.